UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER LACCINOLE,

    Petitioner,

vs.

ROCKET MORTGAGE, LLC,

    Respondent.
_____/

Case No. 22-CV-12986

HON. GEORGE CARAM STEEH

OPINION AND ORDER DENYING PETITION TO
COMPEL ARBITRATION AND DISMISSING CASE (ECF No. 1)

This matter comes before the Court on Petitioner Christopher Laccinole's petition to compel arbitration before JAMS with Respondent Rocket Mortgage, LLC (ECF No. 1). The matter has been fully briefed and, upon a careful review of the written submissions, the Court deems it appropriate to render its decision without a hearing pursuant to Local Rule 7.1(f)(2). For the reasons set forth below, the petition to compel arbitration is denied and the case is dismissed.

FACTUAL AND PROCEDURAL BACKGROUND

In November 2021, Laccinole, filed a complaint in the federal district court for the District of Rhode Island in the matter *Laccinole v. Rocket Mortgage, LLC*, No. 1:21-cv-00478-JJM-LDA (the "Rhode Island Action").

- 1 -

The Rhode Island Action asserts claims under the Telephone Consumer Protection Act ("TCPA") and challenges calls Laccinole received from Rocket Mortgage in September and October of 2021 (the "2021 Calls").

On November 24, 2022, while the Rhode Island Action was pending, Laccinole visited the Lowermybills.com ("LMB") website, where he entered into an agreement providing for the arbitration of all disputes or claims with LMB and its affiliated company, Respondent Rocket Mortgage. ECF No. 1, PageID.27 and 194. On November 25, 2022, Laccinole filed his arbitration complaint and demand before JAMS. Laccinole makes the same claims regarding the 2021 Calls under the TCPA in the JAMS arbitration complaint and the Rhode Island Action.

Meanwhile, over a year after Laccinole initiated the Rhode Island Action and actively litigated the case, Laccinole also sought to compel arbitration of his claims regarding the 2021 Calls before the federal district court for the District of Rhode Island. Specifically, on November 28, 2022, Laccinole filed his first Motion to Compel Arbitration in the Rhode Island Action, claiming that "[o]n November 24, 2022, [he] visited the LMB site (lowermybills.com) and entered into an agreement per LMB's Terms of Use. . . [which] require mandatory arbitration of all claims, disputes, and controversies with LMB and its affiliates, which include Rocket Mortgage,

LLC." ECF No. 9-3, PageID.327. Laccinole based his arbitration motion solely on his interactions with the LMB website on November 24, 2022. *Id*.

Rocket Mortgage opposed the motion to compel arbitration in the Rhode Island Action, arguing that Laccinole had waived any right to arbitrate, and also that no arbitration agreement was formed in 2022 that covered his claims for the 2021 Calls. ECF No. 9-2, PageID.311.

On December 8, 2022, Laccinole filed a second Emergency Petition to Compel Arbitration in the Rhode Island Action.

On December 9, 2022, Laccinole filed the subject Petition to Compel Arbitration in the federal district court for the Eastern District of Michigan. Laccinole's motion to compel arbitration filed before this court is identical to his petition to compel arbitration filed in the Rhode Island Action. Laccinole emailed the Petition to counsel of record for Rocket Mortgage in the Rhode Island Action, without requesting any waiver of service. Rocket Mortgage maintains that this is insufficient service of process.

On December 20, 2022, the District of Rhode Island summarily denied both of Laccinole's motions to compel arbitration, holding that "[a]fter choosing to litigate this case for over a year, the plaintiff has waived any right he may have had to now arbitrate this matter." ECF No. 9-1, PageID.308.

On December 23, 2022, Rocket Mortgage filed its opposition to Laccinole's petition to compel arbitration.

ANALYSIS

This Court has recognized that when a petitioner attempts to relitigate a failed arbitration motion that has already been ruled upon, collateral estoppel applies to prevent relitigating the issue and the petition should be dismissed: "[Petitioner] initially chose to file its motion to compel arbitration in [another] court rather than file the instant petition in this Court. The parties fully litigated the issue to a decision in the [other] court. [Petitioner's] attempt to manufacture a second crack at the issue in this Court is not well taken." *Borg-Warner Protective Servs. Corp. v. Tevis*, No. 98-74485, 1999 U.S. Dist. LEXIS 6020, at *9, 2 (E.D. Mich. Apr. 7, 1999) (Cohn, J.) (dismissing petition to compel arbitration; "[petitioner] is collaterally estopped from relitigating the issue of whether the dispute should proceed to arbitration").

The Petition before this Court seeks to compel arbitration over the same exact claims that Laccinole sought to compel to arbitration in the Rhode Island Action, and that remain pending before that court. In fact, the November 25, 2022 JAMS Complaint attached to Laccinole's petition (ECF No. 1, PageID.40) is identical to the November 25, 2022 JAMS Complaint

and Demand For Consumer Arbitration attached to Laccinole's Motion to Compel Arbitration in the Rhode Island Action. ECF No. 9-3, PageID.352. Both the Petition before this Court and the arbitration motions filed in the Rhode Island Litigation seek the same thing based on the same legal theories—to compel arbitration of the TCPA and other claims Laccinole brought against Rocket Mortgage in the Rhode Island Litigation in November 2021.

After the arbitration question was fully briefed, the District of Rhode Island agreed with Rocket Mortgage's argument that Laccinole waived his right to arbitrate by actively litigating his claims for over a year. It was on this basis that the Rhode Island court denied both of Laccinole's motions to compel arbitration. This decision is consistent with Sixth Circuit precedent, which holds that a party waives any agreement to arbitrate by "taking actions that are completely inconsistent with any reliance on an arbitration agreement." *E.g.*, *Hurley v. Deutsche Bank Trust Co. Americas*, 610 F.3d 334, 338-39 (6th Cir. 2010) (affirming denial of motion to compel arbitration based on waiver when party seeking to arbitrate had "consistently and actively litigated this action in court" "over the course of more than two years").

Pursuant to the foregoing discussion, this Court finds that Laccinole is collaterally estopped from pursuing this matter and that his petition to compel arbitration shall be dismissed. This result is consistent with the District of Rhode Island's December 20, 2022 Order denying Laccinole's motions to compel arbitration.

## CONCLUSION

For the reasons stated in this opinion and order,

IT IS HEREBY ORDERED that petitioner's petition to compel arbitration (ECF No. 1) is DENIED and the case is DISMISSED.

So ordered.

Dated: February 28, 2023

                               s/George Caram Steeh
                               GEORGE CARAM STEEH
                               UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 28, 2023, by electronic and/or ordinary mail and also on Christopher Laccinole, 23 Othmar St., Narragansett, RI 02882.

s/Michael Lang
Deputy Clerk